# United States District Court

## Eastern District of Tennessee

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses committed on or after November 1, 1987) |
| ERICA SHANEESE SCOTT | |
| | Case Number: 2:14-cr-00098-004 RLJ-DHI |
| | Jerry Fabus |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ **pleaded guilty to Counts Four, Five and Eight of the Indictment**
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☐ was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Violation Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(2) | **Trafficking in Counterfeit Access Devices** | **June 26, 2014** | 4 |
| 18 U.S.C. § 1029(a)(1) | **Conspiring to Produce, Use, or Traffic Counterfeit Access Devices** | **June 26, 2014** | 5 |
| 18 U.S.C. § 1029(a)(3) | **Possession of Counterfeit Access Devices** | **June 26, 2014** | 8 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. 3553.

☐ The defendant has been found not guilty on count(s) .
☐ All remaining counts as to this defendant in this case are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendants economic circumstances.

**February 12, 2015**
Date of Imposition of Judgment

s/ Leon Jordan
Signature of Judicial Officer

R Leon Jordan, United States District Judge
Name & Title of Judicial Officer

February 19, 2015
Date

DEFENDANT:  Erica Shaneese Scott
CASE NUMBER:  2:14-cr-00098-004 RLJ-DHI

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Time Served**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ **The defendant is remanded to the custody of the United States Marshal for processing out.**

☐ The defendant shall surrender to the United States Marshal for this district:
  at ___ a.m. p.m. on ___
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Erica Shaneese Scott
CASE NUMBER: 2:14-cr-00098-004 RLJ-DHI

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

**Three (3) years as to each of Counts Four, Five and Eight, to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ **The defendant shall not possess a firearm, ammunition destructive device, or any other dangerous weapon.**
- ☒ **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation office;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his/her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the Court;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;;
10. The defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his/her criminal record or personal history of characteristics and shall permit the probation officer to make such notification and to confirm the defendants compliance with such notification requirement.

DEFENDANT: Erica Shaneese Scott
CASE NUMBER: 2:14-cr-00098-004 RLJ-DHI

# SPECIAL CONDITIONS OF SUPERVISION

1. **The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.**

2. **The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising United States Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.**

3. **The defendant shall pay any financial penalty that is imposed by this judgment. Any amount that remains unpaid at the commencement of the term of supervised release shall be paid on a monthly basis at the amount of at least 10% of the defendant's net monthly income.**

4. **The defendant shall provide the probation officer with access to any requested financial information.**

5. **The defendant shall not incur new credit charges on existing accounts or apply for additional lines of credit without permission of the probation officer until the total amount of restitution has been paid in full. In addition, the defendant shall not enter into any contractual agreements which obligate funds without the permission of the probation officer.**

DEFENDANT: Erica Shaneese Scott
CASE NUMBER: 2:14-cr-00098-004 RLJ-DHI

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. 3013.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 300.00 | $ | $ 8,580.08 |

☐ The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒ **The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. 3664.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| TOTALS: | $ 8,580.08 | $ 8,580.08 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $___

☐ The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☒ **The court determined that the defendant does not have the ability to pay interest, and it is ordered that:**

  ☒ **The interest requirement is waived for the** ☐ fine and/or ☒ **restitution**.

  ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

DEFENDANT: Erica Shaneese Scott
CASE NUMBER: 2:14-cr-00098-004 RLJ-DHI

# SCHEDULE OF PAYMENTS

**Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:**

A ☒ **Lump sum payment of $8,880.08 due immediately, balance due**

    ☐ not later than , or

    ☒ **in accordance**     ☐ C, ☐ D, ☐ E, or ☒ **F below; or**

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F below); or

C ☐ Payment in equal _ installments of $_ over a period of _, to commence _ after the date of this judgment; or

D ☐ Payment in equal _ installments of $_ over a period of _, to commence _ after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _ after release from imprisonment. The court will set the payment plan based on as assessment of the defendant's ability to pay at the time; or

F ☒ **Special instruction regarding the payment of criminal monetary penalties:**

**The government may enforce the full amount of restitution ordered at any time, pursuant to Title 18 U.S.C. §§ 3612, 3613, and 3664(m).**

Unless the court has expressly ordered otherwise, if the judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 220 W. Depot St., Suite 200, Greeneville, TN 37743**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ **Joint and Several**

**The amount is jointly and severally liable with Lee Patrick Antjuan Lindsey (2:14-cr-98-001), Nakia Lashawn Henderson (2:14-cr-98-002), Annette Nicole Miller (2:14-cr-98-003), and Erica Shaneese Scott (2:14-cr-98-004), except that no further payment shall be required after the sum of the amounts actually paid by all of the defendants has fully covered the compensable injury.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ **The defendant shall forfeit the defendant's interest in the following property to the United States:
As outlined in the Agreed Preliminary Order of Forfeiture filed with the Court on September 18, 2014, and any proceeds derived from the offenses in this case.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:         Erica Shaneese Scott
CASE NUMBER:       2:14-cr-00098-004 RLJ-DHI

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Address | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| **Mountain America Federal Credit** | P.O. Box 9001<br>West Jordan, UT 84084 | $233.64 | $233.64 | |
| **Texas DPS Credit Union** | P.O. Box 15346<br>Austin, TX 78761 | $1,519.74 | $1,519.74 | |
| **Wells Fargo Bank,** | 7000 Vista Drive<br>West Des Moines, IA 50266 | $102.89 | $102.89 | |
| **Regions Bank,** | 201 Milan Parkway<br>Birmingham, AL 35201 | $353.76 | $353.76 | |
| **Capital One Bank** | 15000 Capital One Drive<br>Mail Stop 12038-0275<br>Richmond, VA 23238 | $3,050.00 | $3,050.00 | |
| **US Bank** | 800 Nicollet Mall<br>Minneapolis, MN 55402 | $288.90 | $288.90 | |
| **USAA Savings Bank** | 10750 McDermott Freeway<br>San Antonion, TX 78288 | $3,031.15 | $3,031.15 | |